### THE CITY OF DETROIT v. THE BOARD OF AUDITORS OF WAYNE COUNTY.

FINES AND COSTS—IMPOSED FOR VIOLATION OF CITY ORDINANCES—PAYMENT OF TO COUNTY INSTEAD OF CITY TREASURER . RECOVERY OF BY CITY.

Relator applied to the Wayne circuit court for *mandamus* to compel respondent to audit relator's claim for certain .ines and costs collected on convictions in the police court of Detroit for the violation of city ordinances, and by mistake of the clerk of said court paid to the treasurer of Wayne county instead of to the city treasurer of Detroit, as required by the city charter. The application was denied as to the fines which had been distributed as a part of the library fund, and granted as to the costs which had been used in payment of county expenses, which decision was on March 3, 1895, affirmed on *certiorari*.

*John J. Speed*, for relator. contended:

1. That *mandamus* is the proper remedy; citing *Fennell v. Common Council of Bay City*, 36 Mich. 186.

2. That under How. Stat. § 8468, the county treasurer is required to keep an account of moneys paid to him on account of fines, penalties, and forfeitures received by him, to credit the same to the library fund, and account therefor to the board of supervisors at each annual meeting of such board; that by How. Stat. § 8469, he is required to apportion the moneys belonging to the library fund, and pay the same to the township treasurers; that How. Stat. § 5146, provides for the method of apportioning and distributing the fund annually; that although said sections provide for payment by the county treasurer, the act defining the duties of the respondent prohibits the treasurer of Wayne county from paying any moneys, excepting upon warrants drawn by the order of the respondents; citing 3 How. Stat. § 518*g*.

3. That the provisions cited contemplate the payment generally into the treasury of the fines, penalties, and forfeitures, the crediting of the same to a county fund, and the reporting of the same to the board of supervisors; that the money received is not paid out as received, but paid into the general treasury, and credited to a fund made up of numerous items from various sources; that it is treated as a county fund, and reported as such; that upon the county is imposed the duty of apportioning the fund, and it is paid out upon warrants drawn, as other county disbursements are made; that the county treasurer is not a mere conduit for the moneys received for fines, penalties, and forfeitures as the county may be for State taxes collected by the township treasurers; citing, however, *Daniels v. Township of Watertown*, 55 Mich. 376, where the defendant was held liable for State and county taxes so collected, and the opinion of Mr. Justice *Champlin* in *Curtis v. Richland*, 56 Mich. 492.

4. That wherever the principle of absolving from liability the officer or body through whom money is received and paid is applied, the money received and paid over is treated as the same money received, and there is a liability to the true owner by the party or body who ultimately receives the money through the conduit; that in this case relator could not recover this money from any one of the townships, nor could the share apportioned to it be recovered from any one of the townships to which it may have been paid upon the order of the respondents.

5. That the county does not receive the fines, penalties, and forfeitures as agent for the townships, and they are in no way responsible for moneys which have been wrongfully received and credited to the fund by the county treasurer; that the county of Wayne must be held to have assumed the responsibility of the right to receive when it received these fines and having apportioned them, paid

out the money with others of like character.

6. That under 3 How. Stat. § 518b, et seq., the respondents had the right to examine the records of the police court and as it would be negligence in them not to know the correctness of the returns made to them by the clerk, they must be presumed to have known that these fines and costs were received under city ordinances.

7. That *Walker v. Conant*, 69 Mich. 321, cited by respondents' attorney, has no application for the reason that the payment to the county was not made by the city of Detroit or by its authority, and if any one was negligent it was the county, which it must be presumed knew, or it ought to have inquired, from what source the money came which was paid to it, nor is it a case for the application of *Wixson v. Haywood*, 33 Mich. 69; that the answer is partly the same that the money was not paid to the county by the city (Wixson), nor was it paid by the city with any understanding that it was to be paid out to any one.

8. That relator is not estopped by any of its acts or by reason of the payment by the clerk of the police court to the county instead of the city treasurer of said fines and costs.

*Allan H. Frazer*, Prosecuting Attorney (*Ormund F. Hunt*, of counsel), for respondents, contended:

1. That there is no equity in relator's contention because:

a—The money was paid by an officer of the city of Detroit to the county of Wayne.

b—The county of Wayne distributed the fines in pursuance of the statute and in good faith to the library board fund.

c—The relator was sleeping upon its rights, and only made demands after years of negligent performance of its duties by one of its officers.

d—The library funds are worthy objects, and should be protected, if possible.

e—The county of Wayne has no money, so far as these fines are concerned, belonging to relator. No contention has ever been made as to the costs, the benefit of which it has received, and is now and always has been willing to refund to relator.

The facts as established by the petition and answer were:

a—That relator's charter provides:

"That the clerk of the police court shall receive fines and costs imposed by the court, and shall, within 48 hours after the receipt thereof, pay the same to the

county treasurer of the county of Wayne, and take his receipt therefor, except such fines and costs as shall be imposed and received in cases arising under the city ordinances, which shall be paid in like manner and within the same period to the city treasurer of the city of Detroit, and by him credited to the police court fund."

b—That How. Stat. § 5146, as amended by Act No. 15, Laws of 1895 (page 96) provides that:

"The clear proceeds of all fines for any breach of the penal laws of this State and for penalties or upon any recognizance in criminal proceedings, and all equivalents for exemption from military duty when collected in any county, and paid into the county treasury, together with all moneys heretofore collected and paid into said treasury on account of such fines or equivalents, and not already apportioned, shall be apportioned by the county treasurer before the first day of June in each year among the several townships in the county, according to the number of children therein between the ages of 5 and 20 years, as shown by the statement of the Superintendent of Public Instruction provided for in the preceding section, which money shall be exclusively applied to the support of the township and district libraries, and to no other purpose."

c—That acting under said charter provision the clerk of the police court of Detroit had from day to day since July 5, 1892, paid to the treasurer of Wayne county various sums of money as the proceeds of fines and costs to which the said treasurer was entitled under the provision of the charter above cited; that said treasurer, acting under said statutory provision, had each year before the first day of June apportioned and distributed the amount of all such fines, amounting to $4,416, among the several townships of Wayne county for the support and maintenance of free public libraries.

d—That prior to the fifth day of October, 1895, it was discovered that the clerk of the police court had, during all of the time stated, paid to the county treasurer not only the fines and costs collected for violations of the general state laws, but also the fines and costs received for violations of the city ordinances, to which the city treasurer

was of right entitled, and that the county treasurer had apportioned and distributed *all of the fines* so received in manner aforesaid.

*e*—That the county treasurer had no knowledge or information that any portion of the funds so received were collected for violations of city ordinances, but on the contrary received them in perfect good faith, and distributed them in manner aforesaid.

*f*—That the statute makes no provision for the distribution of the costs received by the county treasurer under said statute; that he therefore has the amount of said costs, namely, $9,545.51, on hand or he has paid it out for the general expenses of the county; that the position of the county has not been changed to its disadvantage by such payment, if made, and it is right and equitable that it should be required to pay the same to relator.